**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISMAEL MAGDALENO JIMENEZ,
AKA Ismael Jimenez, AKA Ismael
Magdaleno Jiminez,

Defendant - Appellant.

No. 14-50006

D.C. No. 8:12-cr-00245-JVS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted April 7, 2015
Pasadena, California

Before: REINHARDT, McKEOWN, and M. SMITH, Circuit Judges.

Ismael Jimenez appeals the district court's denial of his motion to dismiss

charges that he illegally entered the United States following deportation, in

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The question on appeal is whether, in Jimenez's underlying deportation proceedings, the Immigration Judge prejudiced Jimenez by failing to inform him of his potential eligibility for discretionary relief from the Attorney General.  *See* 8 U.S.C. § 1182(h).  We review this question de novo.  *See United States v. Pallares-Galan*, 359 F.3d 1088, 1094–95 (9th Cir. 2004).

Regardless of whether Jimenez would have needed to adjust his immigration status to be eligible for a 212(h) waiver, the district court properly concluded that Jimenez suffered no prejudice because he lacked a plausible claim of "extreme hardship."  *See United States v. Arrieta*, 224 F.3d 1076, 1079–80 (9th Cir. 2000) ("In order to obtain a § 212(h) waiver, the alien must demonstrate that his deportation would cause 'extreme hardship' to a 'spouse, parent or child' who is a citizen or lawful permanent resident." (quoting § 1182(h))).  Jimenez points to the declaration of his ex-wife, but the district court found she lacked credibility due to repeated contradictions and gaps in her testimony.  Under either a clear error or abuse of discretion standard of review, we credit the district court's determination. *See United States v. Gonzalez-Villalobos*, 724 F.3d 1125, 1129 (9th Cir. 2013) (clear error standard); *Yeager v. Bowlin*, 693 F.3d 1076, 1079–80 (9th Cir. 2012)

2

(abuse of discretion standard). In the absence of credible testimony from his ex-wife, Jimenez has not shown a plausible ground for relief.

**AFFIRMED.**